JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDWARD WILCZYNSKI, Individually and as Administrator of Estate of Kristin Wilczynski

(b) County of Residence of First Listed Plaintiff: New Haven
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Kennedy, Johnson, Schwab & Roberge, LLC / John J. Kennedy, Jr.
555 Long Wharf Drive, 13th Floor   Brendan K. Nelligan
New Haven, CT 06511 / Tel: (203) 865-8430

## DEFENDANTS
UNITED STATES OF AMERICA

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1346(b)
Brief description of cause:
Wrongful death action arising from a motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 35,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 07/11/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ***************************** : <br> Edward Wilczynski, Administrator : <br> of the Estate of Kristin Wilczynski, : <br> and Edward Wilczynski, Individually : <br>   : <br> Plaintiffs : <br>   : <br> vs. : <br>   : <br> UNITED STATES OF AMERICA : <br>   : <br> Defendant : <br> ***************************** : | CIVIL CASE NO. <br><br><br> JULY 11, 2019 |

## COMPLAINT

1. The plaintiff, Edward Wilczynski, in his capacity as Administrator of the Estate of Kristin Wilczynski, is an individual residing in North Haven, Connecticut, having been duly appointed by the Court of Probate District PD36 as fiduciary of the estate on October 9, 2018.

2. The plaintiff Edward Wilczynski, in his individual capacity, is an individual residing in North Haven, Connecticut.

3. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), the defendant United States of America is a proper party defendant to this action.

1

## JURISDICTION AND VENUE

4. The United States District Court for the District of Connecticut has subject matter jurisdiction over the plaintiffs' Federal Tort Claims Act claims against the defendant United States of America pursuant to 28 U.S.C. § 1346(b).

5. The United States District Court for the District of Connecticut is the proper venue. The plaintiffs are residents of the State of Connecticut and the incident which gives rise to the allegations contained herein occurred within the State of Connecticut.

## FIRST COUNT

6. This action arises under the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. §2674.

7. Pursuant to 28 U.S.C. §§2671-2680, the claims set forth in this Complaint were presented to the United States Department of Justice, Federal Bureau of Investigation, 600 State Street, New Haven, Connecticut, by way of mail on January 31, 2019.

8. By way of letter dated April 3, 2019, the United States Department of Justice, Federal Bureau of Investigation denied the plaintiffs' claims.

9. At all times mentioned herein, Courtney Bothwell was and is an individual residing in Connecticut.

10. At all times mentioned herein, Courtney Bothwell was operating a 2018 Nissan Pathfinder.

11. At all times mentioned herein, Courtney Bothwell was a duly appointed Task Force Officer for the United States of America, Federal Bureau of Investigation.

12. Upon information and belief, the defendant United States of America had leased the 2018 Nissan Pathfinder and had provided the same to Task Force Officer Courtney Bothwell for her use.

13. Upon information and belief, at all times mentioned herein, Task Force Officer Courtney Bothwell was operating the 2018 Nissan Pathfinder with the consent and permission of the defendant, the United States of America and as an agent, servant, and/or employee of the United States of America.

14. On July 20, 2018, at approximately 6:48 P.M., Task Force Officer Courtney Bothwell was operating the 2018 Nissan Pathfinder westbound on Dixwell Avenue in Hamden, Connecticut, in the vicinity of the intersection of Dixwell Avenue and Old Dixwell Avenue.

15. At said time and at said place, the plaintiff's decedent, Kristin Wilczynski was a pedestrian proceeding westbound on Dixwell Avenue and was beginning to proceed towards the traffic island located at the intersection of Dixwell Avenue and Old Dixwell Avenue in Hamden, Connecticut.

16. At said time and place, Courtney Bothwell was travelling westbound on Dixwell Avenue when she suddenly and without warning forcefully struck the plaintiff's decedent, thereby causing the injuries, losses, and damages as hereinafter set forth.

17. Said collision was caused by the carelessness and negligence of Task Force Officer Courtney Bothwell, in that:

   a. she was inattentive and failed to keep a reasonable and proper lookout for pedestrians on said roadway at said time and place;

   b. she failed to sound her horn or give the plaintiff a timely warning of the impending collision;

   c. she failed to apply her brakes in time to avoid said collision, although by a proper and reasonable exercise of her faculties she could and should have done so;

   d. she operated said motor vehicle at a greater rate of speed than the circumstances warranted;

   e. she failed to keep said vehicle under reasonable and proper control;

   f. she failed to turn said vehicle in time to avoid a collision;

   g. she violated §14-218a of the motor vehicle laws of the State of Connecticut in operating her vehicle faster than was reasonable under the circumstances then and there existing;

   h. she violated §14-219 of the motor vehicle laws of the State of Connecticut by operating her vehicle in excess of the posted speed limit.

   i. she violated §14-222 of the motor vehicle laws of the State of Connecticut in operating her vehicle in a reckless manner.

4

18. As a direct result of the carelessness and negligence of Task Force Officer Courtney Bothwell acting as an agent of the defendant United States of America, the plaintiff's decedent suffered catastrophic injuries to her skull and torso, including blunt force injury to her head, thereby resulting in her untimely death.

19. As a further result thereof, the plaintiff's decedent was caused to suffer extreme antemortem pain and suffering and mental anguish prior to her death.

20. As a further result hereof, the plaintiff Edward Wilczynski, Administrator of the Estate of Kristen Wilczynksi, has been forced to incure financial obligations for funeral and burial expenses on behalf of the plaintiff's decedent, Kristen Wilczynksi.

21. As a further result thereof, the plaintiff's decedent earning capacity has been destroyed.

22. As a further result thereof, the planitiff's decedent has been permanently deprived of the ability to enjoy all of life's activities.

23. The plaintiff Edward Wilczynski, Administrator of the Estate of Kristen Wilczynksi, brings this action pursuant to Conn. Gen. Stat. §52-555.

**SECOND COUNT**

24-41. Paragraphs 6 through 23 of the First Count are hereby incorporated and made Paragraphs 24 through 41 of the Second Count as if more fully set forth herein.

42. At all times mentioned herein, the plaintiff Edward Wilczynksi was lawfully married to the decedent, Kristen Wilczynksi.

43. As a direct result of the carelessness and negligence of Task Force Office Courtney Bothwell acting as an agent of the defendant United States of America, the plaintiff Edward Wilczynksi has lost the consortium of his wife.

44. The plaintiff Edward Wilczynski, in his individual capacity, brings this action pursuant to Conn. Gen. Stat. §52-555a.

**THIRD COUNT**

45-56. Paragraphs 6 through 16 of the First Count are hereby incorporated and made paragraphs 45 through 56 of this the Third Count, as if more fully set forth herein.

57. Said collision was caused by the recklessness of Task Force Officer Courtney Bothwell, in that she:

    a.    deliberately or with reckless disregard operated said vehicle at an excessive rate of speed in violation of § 14-218a(a) of the Connecticut General Statutes, and said violation was a substantial factor in causing the plaintiff's injuries;

      b.    deliberately or with reckless disregard violated § 14-222(a) of the Connecticut General Statutes in operating said vehicle in a reckless and dangerous manner having regard to width, traffic and use of the highway, intersection of streets, and weather conditions, and said violation was a substantial factor in causing plaintiff's injuries;

      c.    deliberately or with reckless disregard violated § 14-219(a) of the Connecticut General Statutes in operating said vehicle at such a rate of speed as to endanger the life of the plaintiff and said violation was a substantial factor in causing plaintiff's injuries.

58.    As a direct result of the recklessness of Task Force Officer Courtney Bothwell acting as an agent of the defendant United States of America, the plaintiff's decedent suffered catastrophic injuries to her skull and torso, including blunt force injury to her head, thereby resulting in her untimely death.

59.    As a further result thereof, the plaintiff's decedent was caused to suffer extreme antemortem pain and suffering and mental anguish prior to her death.

60.    As a further result hereof, the plaintiff Edward Wilczynski, Administrator of the Estate of Kristen Wilczynksi, has been forced to incur financial obligations for funeral and burial expenses on behalf of the plaintiff's decedent, Kristen Wilczynksi.

61.    As a further result thereof, the plaintiff's decedent earning capacity has been destroyed.

7

62. As a further result thereof, the plaintiff's decedent has been permanently deprived of the ability to enjoy all of life's activities.

63. The plaintiff Edward Wilczynski, Administrator of the Estate of Kristen Wilczynksi, brings this action pursuant to Conn. Gen. Stat. §52-555.

**FOURTH COUNT**

64-82. Paragraphs 45 through 63 of the Third Count are hereby incorporated and made paragraphs 64 through 82 of this the Fourth Count, as if more fully set forth herein.

83. At all times mentioned herein, the plaintiff Edward Wilczynksi was lawfully married to the decedent, Kristen Wilczynksi.

84. As a direct result of the recklessness of Task Force Officer Courtney Bothwell acting as an agent of the defendant United States of America as aforesaid, the plaintiff Edward Wilczynksi has lost the consortium of his wife.

85. The plaintiff Edward Wilczynski, in his individual capacity, brings this action pursuant to Conn. Gen. Stat. §52-555a.

8

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiffs demand compensatory and punitive damages as against the United States of America in the Sum of Thirty Five Million Dollars ($35,000,000.00). Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiffs demand trial by jury as to all counts.

THE PLAINTIFFS,

Edward Wilczysnki, Administrator of the Estate of Kristen Wilczynksi
Edward Wilczysnki, Individually

BY: _____
John J. Kennedy, Jr. (ct04818)
Brendan K. Nelligan (ct30224)
Kennedy, Johnson, Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT  06511
(203) 865-8430 - phone
(203) 865-5345 -- facsimile
jkennedy@kennedyjohnson.com